**SO ORDERED.**

**SIGNED this 21st day of December, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>DONALD P. OSBORNE,<br><br>                DEBTOR. | CASE NO. 08-12350<br>CHAPTER 7 |

### MEMORANDUM OPINION AND JUDGMENT GRANTING IN PART FIRST INTERIM APPLICATION TO APPROVE FEES AND EXPENSES OF ELIZABETH A. CARSON

The matter under advisement is the first interim application filed by Carl B. Davis, Chapter 7 Trustee, for approval of fees and expenses for Elizabeth A. Carson of Bruce, Bruce & Lehman, L.L.C.,[1] special counsel for the Trustee. Debtor objected to the payment of any fees to Ms. Carson.[2] Arguments and comments from counsel and the Debtor, who appeared pro se, were heard on September 18, 2012. The Court rejected the Debtor's objections and approved the

___

[1] Dkt. 150.

[2] Dkt. 154.

hourly rate and the amount of time entered on the statement for professional services.[3]  But the Court took under advisement the question of whether the Order Authorizing Trustee to Employ Special Counsel covers all of the services for which compensation is sought.  On October 4, 2012, the Trustee filed a Nunc Pro Tunc Application by Trustee to Clarify Employment of Elizabeth A. Carson as Attorney for the Estate.[4]  Debtor filed an objection.[5]

Ms. Carson was appointed as special counsel for the Trustee by order entered on March 25, 2009.  It recites that the "the appointment of special counsel is necessary to handle certain matters involving the recovery of assets in this proceeding."[6]  Compensation is approved at the rate of $185 per hour, payable "from assets or funds collected for the estate through her efforts on behalf of the estate," but "[i]n the event she does not recover assets or funds, then she shall not recover any amount."[7]  The order also states that Elizabeth A. Carson "shall prosecute such actions as deemed necessary by the Trustee under Rule 6009 of the Rules of Bankruptcy Procedure."[8]  It also notes that Ms. Carson represents Steven and Jeremy Albert, the primary unsecured creditor in this case, but "there is no conflict between the parties represented."[9]

---

[3] Dkt. 167.

[4] Dkt. 169.

[5] Dkt. 171.

[6] Dkt. 43, at ¶ 2.

[7] Dkt. 43, at ¶ 4.

[8] Dkt. 43, at ¶ 7.

[9] Dkt. 43, at ¶ 8.

As counsel for the Trustee, Ms. Carson filed and prosecuted on three adversary proceedings: (1) Case 10-5033, filed on February 10, 2010, seeking to revoke the Debtor's discharge under 11 U.S.C. § 727; (2) Case no. 10-5067, filed on March 22, 2010, against Debtor and others for avoidance of fraudulent transfer; and (3) Case no. 10-5127, filed on June 18, 2010, also against Debtor and others for avoidance of fraudulent transfer. The settlement of the two fraudulent transfer cases resulted in the estate's recovery of assets reported by the Trustee as having an estimated net value of $118,500, resulting in funds received by the estate of approximately $88,000.[10] The revocation of discharge action was successful.

Generally, in order to be compensated from the bankruptcy estate, an attorney representing the trustee must be employed pursuant to an order of the court;[11] absent such appointment there is no right to compensation. Ms. Carson's representation of the Trustee in the second and third cases is clearly within the services to be provided under the March 25, 2009 order of appointment, since they are for recovery of assets fraudulently transferred by the Debtor. But the Court finds that the first case, for revocation of Debtor's discharge under § 727, is not. There is no mention in the appointment order of revocation of discharge. Success in a revocation of discharge proceeding does not result in recovery of any assets from which counsel could be paid.

Therefore, Ms. Carson has a right to compensation from the estate assets for representation of the Trustee in the revocation of discharge litigation only if she can be retroactively appointed. This requires the satisfaction of a two-part test: "first, the bankruptcy

---

[10] Dkt. 149.

[11] 11 U.S.C. §327(a); Fed. R. Bankr. P. 2014(a).

3

court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of 11 U.S.C. § 327(a) and would therefore have been appointed initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive appointment."[12]  Neither of these parts is satisfied here.

The Court doubts that it would have approved the Trustee's retention of Ms. Carson as counsel for the revocation of discharge litigation if the application had been timely filed.  Such an appointment must be in the best interests of the estate.[13]  But in this case, the Court sees little benefit to the estate.  In general an estate does not directly benefit from the filing of a proceeding to revoke discharge under § 727.  Nothing is recovered for the estate.  So the distributions to creditors is not enhanced; if anything, the distributions are reduced by the cost of the litigation.  On the other hand, unsecured creditors are benefitted because of their ability to seek payment of their claims postpetition.  In this case, Ms. Carson represents the largest unsecured creditor of the estate, the Alberts, who are the holders of a prepetition judgment for $1.176 million against Debtor arising from a vehicle accident.  The other unsecured creditors are: US Department of Transportation ($10,000);  the Internal Revenue Service (approximately $79,000); Columbia Insurance ($137,000 subrogation claim); and  Liberty Mutual ($29,938, arising from an altercation with a woman in Texas).  If Ms. Carson were appointed to represent the Trustee in

---

[12] *In re Ibbetson*, 100 B.R. 548, 551 (D. Kan. 1989) *citing In re Arkansas Co., Inc.*, 798 F.2d 645, 650 (3rd Cir. 1986).  The Tenth Circuit subsequently adopted the extraordinary circumstances test for retroactive appointment in *Land v. First Nat'l Bank of Alamoso (In re Land)*, 943 F.2d 1265, 1267-68 (10th Cir. 1991).

[13] 9 *Collier on Bankruptcy* ¶ 2014.03 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012).

4

the § 727 action, the estate would be funding litigation which would primarily benefit the Alberts, who have standing to bring such an action in their own name.[14]

In addition, there are no extraordinary circumstances justifying the granting of a retroactive order appointing Ms. Carson. In the Tenth Circuit "[s]imple neglect will not justify nunc pro tunc approval of [an] . . . application for employment of a professional."[15] The only justification given by the Trustee for not seeking timely appointment is the entry of the order appointing Ms. Carson for purposes of the recovery of assets. In support of the nunc pro tunc motion for appointment, as a justification for the delay, it is stated that "the Trustee believed that the Order of employment of Elizabeth A. Carson would encompass her activities in representing the estate in pursuing the revocation of discharge case."[16] Reliance is placed upon the statement in the order that "Said counsel shall prosecute such actions as deemed necessary by the Trustee under Rule 6009 of the Rules of Bankruptcy Procedure."[17] But such a construction of this phrase conflicts with both the express purpose of the appointment as stated in the order and the provision for fees to be paid only if recovery of assets was successful. Further Rule 6009 is the general authorization for the Trustee to prosecute actions against a debtor; if it controlled the order of appointment, the order would have no limitation. The Trustee's argument is not persuasive as to the existence of extraordinary circumstances. Rather, it evidences simple neglect to obtain appointment for the revocation of discharge litigation.

---

[14] 11 U.S.C. § 727(c)(1).

[15] *In re Land*, 943 F.2d at 1268, *citing In re Arkansas Co., Inc.*, 798 F.2d at 649-50.

[16] Dkt. 169 at ¶ 10.

[17] *Id.*

5

The Court therefore approves the first interim application to approve fees only as to the services rendered in the recovery of assets for the estate. Review of the amended statement of professional services filed on August 21, 2012 shows 43.92 hours of attorney time and $367.15 in expenses attributable solely to the revocation of discharge. The Court therefore approves fees of $37,451.40, calculated by subtracting $8,125.20 (43.92 hours at $185. per hour) for fees attributable to the revocation of discharge from the total fees of $45,576.60, and expenses of $11,665.23, calculated by subtracting the expenses of $367.15 attributable to the revocation of discharge litigation from the total expenses of $12,032.38.

### **JUDGMENT**.

Judgment is hereby entered approving payment of fees and expenses for Elizabeth A. Carson's representation of the Trustee in the following amounts: fees of $37,451.40; and expenses of $11,665.23. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rules of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###